1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BERNABE SANTILLAN, individually and on behalf of Minor Son, GABRIEL ZAMBRANO,** ) ) ) )<br><br>**Plaintiff,** ) )<br>**v.** ) )<br><br>**CITY OF REEDLEY, CITY OF REEDLEY OFFICERS ROBERT MACEDO #54, RAY CAMACHO #68, HECTOR ALEMAN #56,** ) ) ) ) )<br><br>**Defendant.** ) ) ) | **CIV F 07-391 AWI SMS**<br><br>**ORDER ON DEFENDANTS'S AMENDED MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT** |

        This is a pro se civil rights case that alleges both federal and state law causes of action and arises from an encounter between Plaintiff Bernabe Santillan ("Santillan") and officers from the City of Reedley Police Department.  Defendants now move to dismiss various causes of action and for a more definite statement.  For the reasons that follow, Defendants's motion to dismiss will be granted, but the motion for more definite statement will be denied.

## BACKGROUND

        From the complaint, Santillan was arrested at his home on August 10, 2005, between 12:00 and 12:30 p.m. by Defendants pursuant to a warrant.  Complaint at ¶¶ 6-7.  Defendant

1   Aleman grabbed Santillan's left arm and proceeded to place it behind Santillan's back.[1]  Id. at ¶

2   8.  Santillan told Aleman that he was unable to bend his left arm toward his back because he had

3   recently had surgery on his left shoulder; Santillan had also had an injection into his shoulder

4   joint on the prior day as part of an MRI.  Id. at ¶ 9.  Aleman, however, was persistent in cuffing

5   Santillan and forced Santillan's left arm behind his back, which caused Santillan severe pain.  Id.

6   Santillan advised Defendants that his right shoulder was also injured, but Defendants persisted in

7   handcuffing Santillan from behind.  Id.  Eventually, Defendant Camacho instructed that Santillan

8   be cuffed from the front.  Id.  As the group left the house and went towards the patrol car,

9   Camacho and Aleman took hold of Santillan's arms, tried to force the arms towards Santillan's

10  back, and caused Santillan sever pain.  Id. at ¶ 10.  Santillan told Aleman that Aleman was

11  hurting him and to stop bending his arm back.  Id.  Aleman replied for Santillan to stop resisting.

12  Id.  Defendant Macedo then grabbed Santillan's arm and bent and twisted it farther back than

13  Aleman had done.  Id. at ¶ 11.  Macedo continued to twist and bend Santillan's arm, which

14  caused Santillan severe pain.  Id.  After several verbal exchanges, Macedo for no reason threw

15  Santillan down on the hot asphalt road.  Id. at ¶ 12.  Santillan landed on his left shoulder, which

16  caused more pain.  Id.  When Santillan asked Macedo why he had thrown him down, Macedo

17  replied that Santillan had simply fallen.  Id.  Santillan's shoulder pains continued and he

18  developed chest pains.  Id.  Santillan requested an ambulance, and Defendants smiled.  Id.

19  Santillan asked his daughter to call an ambulance, and the Defendants told the daughter that one

20  had been summoned.  Id.  Santillan's daughter confronted the Defendants about their conduct,

21  and Aleman told the daughter to "back off" or she would go to jail.  Id. at ¶ 13.  Santillan was in

22  pain and still on the hot asphalt when Camacho prompted him to get up.  Id.  Without assistance,

23  Santillan managed to get up and lean against the patrol car, but Aleman told Santillan that he

24  could not lean on the car.  Id.  Santillan sat on a grassy patch next to the sidewalk.  Id.

25

26  ───────────────

27  [1]The complaint is generally in terms of "Plaintiff" instead of Santillan.  Zambrano is a plaintiff in this suit, but is the minor son of Santillan.  Zambrano is specifically identified at one place in the complaint.  Given the nature of the allegations, the Court reads "plaintiff" as referring mostly to Santillan for purposes of this recitation.

28                                              2

Santillan's daughter then confronted Macedo about why Macedo had thrown Santillan to the ground and attempted to get Macedo's name and badge number. Id. at ¶ 15. Macedo got angry and refused to give the information. Id. Santillan's son, Gabriel Zambrano, witnessed the assault and mistreatment of Santillan, which caused Zambrano to suffer emotionally. Id. at ¶ 16. The ambulance later arrived and took Santillan to the Sierra Kings Hospital. Id. at ¶ 17. At the hospital, Camacho handcuffed Santillan to the bed, but because the cuff's chain was short, Santillan's arm was in a hanging position that caused Santillan pain. Id. Camacho refused to alter the cuffs. Id. Santillan never offered violence or resistance to Defendants. Id. at ¶ 18.

Santillan, individually and on behalf of his minor son Zambrano, filed suit in this Court alleging claims under 42 U.S.C. § 1983 for violations of the Fourth, Eighth, and Fourteenth Amendments, a *Monell* claim, and state law battery and infliction of emotional distress. Santillan requests compensatory damages, punitive damages, and declaratory relief.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule provides for dismissal of a claim if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Newman v. Sathyavaglswaran, 287 F.3d 786, 788 (9th Cir. 2002); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court must also assume that general allegations embrace the necessary, specific facts to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994). But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors,

3

266 F.3d 979, 988 (9th Cir. 2001); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren, 328 F.3d at 1139; Western Mining Council, 643 F.2d at 624. Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but may review materials which are properly submitted as part of the complaint and may take judicial notice of public records outside the pleadings.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  In other words, leave to amend need not be granted when amendment would be futile.  Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

I.      **MOTION TO DISMISS**

*Defendant's Arugment*

Defendants argue that: (1) the Fourth Amendment claim should be dismissed with respect to Zambrano because there are no allegations that Defendants used any force, excessive or

4

otherwise, against Zambrano; (2) the Eighth Amendment claim should be dismissed because neither Santillan nor Zambrano were prisoners; (3) the Fourteenth Amendment equal protection claim should be dismissed because Zambrano has not alleged conduct that could establish such a violation; (4) the *Monell* claim should be dismissed as to Zambrano because there are no constitutional violations alleged as to Zambrano; (5) the claims against the officers in their official capacities should be dismissed as redundant; (6) Zambrano's state law claims should be dismissed for failure to comply with the California Tort Claims Act; (7) Zambrano's battery claim should be dismissed because there are no allegations that he was battered; (8) Plaintiffs's request for declaratory relief should be dismissed because the controversy is moot for purposes of declaratory relief; and (9) Plaintiffs's request for attorney's fees should be dismissed because *pro se* litigants are not entitled to attorney's fees.

*Plaintiffs's Opposition*

Plaintiffs have filed no opposition or response of any kind.

*Discussion*

Reading the complaint, it is not clear that Zambrano is alleging anything other infliction of emotional distress.  The factual allegations in the complaint center almost exclusively around Santillan and his interaction with the three police officers.  Although the Court harbors doubts, in the absence of an opposition, it will assume that Defendants's characterization of the complaint is correct and that Zambrano is alleging claims in addition to emotional distress.

As to Zambrano's Fourth Amendment claim, the allegations are insufficient.  "The Fourth Amendment protects persons against unreasonable searches and seizures."  Allen v. City of Portland, 73 F.3d 232, 235 (9th Cir. 1995).  The Fourth Amendment reasonableness standard governs all claims involving seizures of the person, including claims for excessive force.  See Quintanilla v. City of Downey, 84 F.3d 353, 357 (9th Cir. 1996).  There are no allegations that the police searched or seized Zambrano, and all of the allegations of seizures are with regard to Santillan.  Because there are no allegations that the Defendants searched or seized Zambrano, let

alone that they did so in an unreasonable manner, dismissal of any Fourth Amendment claim by Zambrano is appropriate.

As to both Plaintiffs's Eighth Amendment claims, those claims must be dismissed.  The complaint alleges conduct against Santillan that occurred at his residence.  The Eighth Amendment applies only after conviction and sentence, i.e. convicted prisoners, and does not apply to pretrial detainees.  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001); <u>Gary H. v. Hegstrom</u>, 831 F.2d 1430, 1432 (9th Cir. 1987); <u>Jones v. Johnson</u>, 781 F.2d 769, 771 (9th Cir. 1986).  The events of this claim occurred at Santillan's residence in the process of serving an arrest warrant and Santillan and Zambrano were not convicted prisoners; there can be no Eighth Amendment violations.[2]  Dismissal of the Eighth Amendment claims without leave to amend is appropriate.

As to the Fourteenth Amendment claims, with respect to Zambrano, there are no allegations that the officers did anything expressly to Zambrano.  With respect to Santillan, to the extent he alleges a Fourteenth Amendment Equal Protection violation, his allegations are inadequate.  "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  <u>Lee</u>, 250 F.3d at 686; <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).  There are no allegations that Defendants acted with an intent to discriminate against either Zambrano or Santillan based on their membership in a protected class.  Indeed, there are no allegations that either Zambrano or Santillan are members of a protected class.  Further, it appears that Santillan attempts to allege that the excessive or unreasonable force used in his seizure violated the Fourteenth Amendment.  Such reliance is improper since claims of unreasonable seizures are governed by the Fourth Amendment, not the Fourteenth Amendment substantive due process

---

[2]Santillan had not yet been convicted when he was in the hospital, and was thus, a pre-trial detainee.  <u>See Jones</u>, 781 F.2d at 771.  Any of Santillan's claims that are based on conduct occurring at the hospital do not arise under the Eighth Amendment.  <u>Id.</u>; <u>see also</u> <u>Maddox v. City of Los Angeles</u>, 792 F.2d 1408, 1421 (9th Cir. 1986).

clause.  See Ramirez v. Butte- Silver Bow County, 298 F.3d 1022, 1029 (9th Cir. 2002).

Dismissal of the Zambrano's Fourteenth Amendment claims is appropriate.  To the extent that

Santillan's equal protection claim is based on equal protection or conduct governed by the Fourth

Amendment, dismissal is also appropriate.

With respect to the *Monell* claim, when there is no underlying constitutional violation by

municipal officers, there is no *Monell* liability against a municipality.  See City of Los Angeles v.

Heller, 475 U.S. 796, 799; Jackson v. City of Bremerton, 268 F.3d 646, 653 (9th Cir. 2001);

Quintanilla, 84 F.3d at 355.  Since no constitutional injuries have been properly alleged regarding

Zambrano, he cannot allege municipal liability/a *Monell* claim against the City of Reedley.

Dismissal of this claim by Zambrano is appropriate.

With respect to the defendant police officers, Aleman, Camacho and Macedo have been

sued in both their individual and official capacities.  See Complaint at ¶ 5.  "A suit against a

governmental officer in his official capacity is equivalent to a suit against the governmental

entity itself."  Mitchell v. Dupnik, 75 F.3d 517, 527 (9th Cir. 1996).  When "officers in their

official capacity and the local government entity for whom they work are both named in a

lawsuit, the officers in their official capacity are redundant defendants and may be dismissed."

Wisler v. City of Fresno, 2007 U.S.Dist. LEXIS 18666, *19 (E.D. Cal. 2007); Luke  v. Abbott,

954 F.Supp.2d 202, 203-04 (C.D. Cal. 1997).  Since the City of Reedley employs Aleman,

Camacho, and Macedo and is already a party to this suit, naming these officers in their "official

capacity" is redundant.  Adelman, Camacho, and Macedo will be dismissed in their "official

capacities" without leave to amend.

As to Zambrano's state law claims for battery and infliction of emotional distress, the

complaint alleges that "Plaintiff fulfilled all prerequisites to filing this action, including the

notice of claim required by California Government Code § 900 et seq."  Complaint at ¶ 2.  Under

the California Tort Claims Act, a plaintiff must provide a notice of claim to a public entity where

the plaintiff wishes to maintain state law causes of action against either the public entity or

against the public entity's employees for conduct done in the scope of employment.  See Cal. Gov. Code §§ 945.4, 950.2; City of San Jose v. Superior Court, 12 Cal.3d 447, 454-55 (1974); Briggs v. Lawrence, 230 Cal.App.3d 605, 612-13 (1991).  The notice must meet the requirements of California Government Code § 910.  Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Auth., 34 Cal.4th 441, 445 (2004).  California Government Code § 910 requires, inter alia, that claim include "the name and post office address of the claimant," and a "general description of the . . . injury, damage, or loss incurred so far as it may be known at the time of presentation of the claim."  Cal. Gov. Code § 910(a), (d).  The California Tort Claims Act notice requirements are not intended "to prevent surprise," rather they are intended to "provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation."  City of San Jose, 12 Cal. 3d at 455. "[C]ompliance with the claims statute is mandatory and failure to file a claim is fatal to the cause of action."  Id. at 454.  "Where two or more persons suffer separate and distinct injuries from the same act or omission, each person must submit a claim, and one cannot rely on a claim presented by another.  Nelson v. County of Los Angeles, 113 Cal.App.4th 783, 796 (2003); Nguyen v. Los Angles County Harbor/UCLA Medical Center, 8 Cal.App.4th 729, 732-34 (1992); Peterson v. Vallejo, 259 Cal.App.2d 757, 765-66 (1968).

    Here, the tort claim is extensive and generally tracks the complaint.[3]  However, no general reference to Santillan's son, nor a specific reference to Gabriel Zambrano, can be found in the tort claim letter, and Bernabe Santillan is the only identified claimant.  See Exhibit A to Motion to Take Judicial Notice.  The tort claim letter sent by Santillan simply fails to identify Zambrano in any manner, fails to identify any claims that Zambrano may have, and does not indicate that Santillan is trying to act for Zambrano.  The complaint expressly indicates that Zambrano has suffered emotional distress.  See Complaint at ¶ 16.  Zambrano's emotional

---

[3]Defendants move the Court to take judicial notice of the California Tort Claim letter letter sent to the City of Reedley by Santillan.  There has been no objection, so the Court will grant Defendants's motion and take judicial notice of the letter as a governmental record.  See Fed. R. Evid. 201(b)(2); Torrens v. Lockheed Martin Services Group, Inc., 396 F.3d 468, 472 (1st Cir. 2005).

distress is obviously separate and distinct from any of Santillan's damages.[4]  Since there is an insufficient indication that Zambrano or someone acting on his behalf has filed a tort claim with the City of Reedley, Zambrano's state law claims must be dismissed.[5]  See City of San Jose, 12 Cal.3d at 754; Nelson, 113 Cal.App.4th at 796.

As to Plaintiffs's claim for declaratory relief, there is no separate cause of action for declaratory relief expressly pled, but the prayer requests a "declaratory judgment that the rights guaranteed to the Plaintiff by the 4th, 8th, and 14th Amendments of the United States Constitution by 42 U.S.C. § 1983 has been violated by the Defendants."  See Complaint at p. 8. The Court assumes that the Plaintiffs are seeking declaratory relief under 28 U.S.C. § 2201.  The Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations" of parties to a "case of actual controversy."  28 U.S.C. § 2201;[6] Spokane Indian Tribe v. United States, 972 F.2d 1090, 1091 (9th Cir. 1992).  "The purpose of [§ 2201] is to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure - or never."  Spokane Indian Tribe, 972 F.2d at 1091-92.  For purposes of declaratory relief, "past exposure to illegal conduct does not in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects." City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Blair v. Shanahan, 38 F.3d 1514, 1519

---

[4]Also, to the extent that Zambrano alleges a battery claim, that claim is improperly pled because there is no allegation that the officers used any force against Zambrano.  See Susag v. City of Lake Forest, 94 Cal.App.4th 1401, 1413 (2002).

[5]The Court took judicial notice of the claim letter submitted by Santillan as a government record; it did not consider the declaration of Lori Oken for anything other then authentication.  See Swedberg v. Marotzke, 339 F.3d 1139, 1146 (9th Cir. 2003).

[6]18 U.S.C. § 2201 reads in pertinent part:
(a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986 [26 USCS § 7428], a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930 [19 USCS § 1516a(f)(10)]), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

(9th Cir. 1994).  Stated differently, a plaintiff cannot rely only on past harm as a basis for a request for declaratory relief.  See Fieger v. Ferry, 471 F.3d 637, 643 (6th Cir. 2006); McCormick v. Sch. Dist. of Mamaroneck, 370 F.3d 275, 284 (2d Cir. 2004); see also 12 Moore's Federal Practice - Civil § 57.04[3] (2006 ed.) ("However, declaratory relief is inappropriate to adjudicate past conduct, such as when the damages have already accrued.").  Thus, a plaintiff may have standing to sue for damages and yet lack standing to sue for prospective relief.  See Hodgers-Durgin v. De La Vina, 199 F.3d 1037, 1041 n.1 (9th Cir. 1999); Le v. Cal. Nurses Assn., 2006 U.S. Dist. LEXIS 77321, *7 (E.D. Cal. 2006).  Here, Plaintiffs appear to be requesting a declaration that involves only past conduct, where the harm has already occurred, and where there appears to be no continuing adverse effects.  Under these circumstances, Santillan has standing to sue for damages under 42 U.S.C. § 1983, but has no standing to sue for declaratory relief that his constitutional rights were violated.  See Lyons, 461 U.S. at 102; Feiger, 471 F.3d at 643; Hodgers-Durgin, 199 F.3d at 1041 n.1; Blair, 38 F.3d at 1519; Spokane Indian Tribe, 972 F.2d at 1091-92; 12 Moore's Federal Practice - Civil § 57.04[3].  Dismissal of this part of the prayer without leave to amend is appropriate.

Finally, Plaintiffs pray for attorney's fees.  See Complaint at p. 8.  A *pro se* litigant may not recover attorney's fees under 42 U.S.C. § 1988, even if he is a prevailing party in a civil rights case.  Kay v. Ehrler, 499 U.S. 432, 435 (1991); Gonzalez v. Kangas, 814 F.2d 1411 (9th Cir. 1987).  Plaintiffs's request for attorney's fees will be dismissed without leave to amend.

## II.    MOTION FOR MORE DEFINITE STATEMENT

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  Fed. R. Civ. P. 12(e); Thompson v. City of Shasta Lake, 314 F. Supp. 2d 1017, 1022 (E.D. Cal. 2004).  A Rule 12(e) motion is "ordinarily restricted to situations where a pleading suffers from unintelligibility rather

than want of detail, and if the requirements of the general rule as to pleadings are satisfied and the opposing party is fairly notified of the nature of the claim such motion is inappropriate." Castillo v. Norton, 219 F.R.D. 155, 163 (D. Ariz., 2003). "If the moving party could obtain the missing detail through discovery, the motion should be denied." Davison v. Santa Barbara High School District, 48 F. Supp. 2d 1225, 1228 (C.D. Cal. 1998).

Here, Defendants's motion indicates that it is a Rule 12(b)(6) and Rule 12(e) motion. The memorandum in support of the motion does not specifically discuss or argue why relief should be granted under Rule 12(e). Instead, Defendants focus on the inadequacies of the allegations in the complaint. The Court has now granted the 12(b)(6) motion. Also, the Court has reviewed the complaint and does not find the allegations so vague or ambiguous that a responsive pleading cannot be reasonably be made. Defendants may flesh out further details through the discovery process. The Rule 12(e) motion is denied.

**III.    REPRESENTATION OF MINOR PLAINTIFF GABRIEL ZAMBRANO**

Additionally, although not expressly part of this motion, Santillan is proceeding *pro se* individually and on behalf of his minor son Gabriel Zambrano.[7] See Complaint at p. 1. No attorney appears on the Court's docket on behalf of Zambrano. Although "a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself." Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Consistent with this principle, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns, 114 F.3d at 877; see also Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998). Thus, Santillan prosecuting this case in this Court *pro se* on behalf of Zambrano is improper and will not be permitted. See Johns, 114 F.3d at 877. Zambrano will have thirty (30) days from the date

---

[7]Santillan has not been appointed as Zambrano's guardian ad litem for this case and no such motion is pending.

11

of this order in which to obtain counsel to represent him.  If counsel is not obtained within thirty (30) days, the Court will dismiss Zambrano from this suit without prejudice.  See id.

<u>**CONCLUSION**</u>

Defendants move to dismiss various claims under Rule 12(b)(6) and for a more definite statement under Rule 12(e).  With respect to the Rule 12(b)(6) motion, dismissal of Zambrano's Fourth Amendment, Fourteenth Amendment, and *Monell* claims is appropriate since there are no allegations that Defendants used any force or expressly did anything to Zambrano, and dismissal of his state law claims is appropriate because it has not been sufficiently alleged or shown that he complied with the California Tort Claims Act.  Dismissal of these claims will be with leave to amend (consistent with this order) as it is not clear that amendment would be futile.  Zambrano's Eighth Amendment claim will be dismissed without leave to amend because Zambrano was not a convicted prisoner and the events took place at Santillan's home.  With respect to Santillan, to the extent he is attempting to allege an equal protection claim under the Fourteenth Amendment, that claim will be dismissed with leave to amend because the complaint does not allege that Santillan's rights were violated due to membership in a protected class.  Santillan's Eighth Amendment claim will be dismissed without leave to amend because the transaction in question occurred at Santillan's home and there is no indication that Santillan was a convicted prisoner.  The prayer for declaratory relief will be dismissed without leave to amend since the declaratory relief requests relief only for a harm that is in the past.  The prayer for attorneys's fees will be dismissed without leave to amend since pro se plaintiffs may not recover attorney's fees.  Defendants's Rule 12(e) motion will be denied since the complaint is not so vague and ambiguous that a responsive pleading cannot reasonably be made and any further detail can be obtained through discovery.  Finally, Santillan may not *pro se* represent his minor son Zambrano.  Zambrano will have thirty (30) days from service of this order in which to obtain a licensed attorney to represent him in this case.  If Zambrano does not obtain counsel in the allotted time, the Court will *sua sponte* dismiss his claims without prejudice.  See <u>Johns</u>, 114 F.3d at 876-77.

Accordingly, IT IS HEREBY ORDERED that;

1.    Defendants's motion to dismiss Zambrano's Fourth Amendment, Fourteenth
      Amendment, and state law causes of action is GRANTED with leave to amend;

2.    Defendants's motion to dismiss Zambrano's Eighth Amendment claim is GRANTED
      without leave to amend;

3.    Defendants's motion to dismiss Santillan's Fourteenth Amendment equal protection
      claim is GRANTED with leave to amend;

4.    Defendants's motion to dismiss Santillan's Eighth Amendment claim is GRANTED
      without leave to amend;

5.    Defendants's motion to dismiss Plaintiffs's prayer for declaratory relief and attorney's
      fees is GRANTED without leave to amend;

6.    Defendants's Rule 12(e) motion is DENIED;

7.    Plaintiffs may file an amended complaint, consistent with this order, by July 13, 2007;

8.    If Plaintiffs do not file an amended complaint, Defendants are to file a responsive
      pleading to Plaintiffs's complaint by July 20, 2007;

9.    Zambrano may obtain a licensed attorney to represent him in this case within thirty (30)
      days of service of this order, which is a necessary requirement for pursuing this case, and
      is to inform the Court immediately of his retention of an attorney;

10.   Failure of Zambrano to obtain an attorney to represent him in this case will result in the
      *sua sponte* dismissal of Zambrano's claims without prejudice and without further notice.

IT IS SO ORDERED.

**Dated:    June 27, 2007**                        _____/s/ Anthony W. Ishii_____
                                                   UNITED STATES DISTRICT JUDGE

13