| | |
|---|---|
| James J. Arendt, Esq. | Bar No. 142937 |
| Erica M. Camarena, Esq. | Bar No. 227981 |

THE LAW FIRM OF
WEAKLEY, RATLIFF,
ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California  93710

Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendants, CITY OF REEDLEY, ROBERT MACEDO, RAY CAMACHO and HECTOR ALEMAN

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BERNABE SANTILLAN, individually and on behalf of Minor Son, GABRIEL ZAMBRANO,<br><br>                    Plaintiffs,<br><br>         vs.<br><br>CITY OF REEDLEY, CITY OF REEDLEY POLICE OFFICERS ROBERT MACEDO #54, RAY CAMACHO #68, HECTOR ALEMAN #56,<br><br>                    Defendants.<br>_____ | CASE NO.  1:07-cv-00391 AWI -SMS<br><br>**ORDER DENYING PLAINTIFF'S MOTION DENYING ACCESS TO ENTIRE SOCIAL SECURITY ADMINISTRATION FILE** |

Defendants hereby submit the following Proposed Order denying Plaintiff's "Motion Denying Access to Entire Social Security Administration File."

Dated: December 26, 2007          WEAKLEY, RATLIFF, ARENDT & McGUIRE, LLP

                                                            By:    /s/ Erica M. Camarena
                                                                      Erica M. Camarena
                                                                      Attorney for Defendants

**ORDER**

Plaintiff, Bernabe Santillan ("Plaintiff") filed a motion denying access to his entire social security administration file. (Court Docket No. 34.) The matter was heard on December 14, 2007, before the Honorable Sandra M. Snyder, United States Magistrate Judge. Erica M. Camarena appeared on behalf of the Defendants. Plaintiff appeared on behalf of himself.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, appearing pro se and in forma pauperis, filed the instant complaint pursuant to 42 USC §1983 on March 12, 2007. He alleges claims based upon an August 10, 2005 incident wherein he was arrested by defendant officers of the Reedley Police Department. Plaintiff alleges that as a result of his arrest, he suffered injury to his back and shoulder and continues to suffer pain and emotional distress.

On November 7, 2007, defendants arranged for a subpoena to be served on the Social Security Administration located at 5090 N. West Avenue in Fresno, California 93711. Defendants sought to obtain information regarding all applications for disability, medical records, reports of physicians, documents showing what benefits plaintiff has received, including but not limited to all monetary payments. The purpose of requesting this information was to evaluate plaintiff's claimed damages.

On November 9, 2007, plaintiff filed a motion seeking to deny defendants access to his Social Security Administration file. Defendants filed their opposition on November 30, 2007, seeking a protective order as well as an order mandating plaintiff to sign an authorization to release his social security records. Plaintiff timely filed his reply on December 4, 2007.

**DISCOVERY AT ISSUE**

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter".

//

In support of their opposition, defendants refer to portions of the Privacy Act and the Social Security Act and argue that the Social Security records defendants seek to obtain are protected by the Privacy Act, 5 U.S.C. §552(a), and Section 1106 of the Social Security Act ("SSA"), 42 U.S.C. 1306. Part 401 of the SSA Commissioner's regulations provides that SSA will apply the principles of the Freedom of Information Act ("FOIA") to requests for information from the public. 20 C.F.R §401.130. The regulations further provide that when the FOIA requires disclosure, the Privacy Act permits it; thus both laws are considered when determining whether information held by SSA about individuals may be disclosed. 20 C.F.R. §§401.30, 401.130, 402.15. The FOIA provides that government agencies must make public as many records as possible, with certain exceptions, including: personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy. 5 U.S.C. §552(b)(6).

Under the Commissioner's regulations, SSA takes a balanced approach to administering its duties. Under the Privacy Act and the FOIA's, to "not only recognize the right of public access to information in the possession of SSA, but also protect the integrity of internal processes...". SSA also recognizes "the legitimate interests of organizations or persons who have submitted records to SSA or who would otherwise be affected by release of records." 20 C.F.R. §402.10. The goal is "to protect the privacy of individuals to the fullest extent possible while nonetheless permitting the exchange of records required to fulfill our administrative and program responsibilities, and responsibilities for disclosing records which the general public is entitled to have under the [FOIA]." 20 C.F.R. §401.30.

The Privacy Act and SSA's regulations permit disclosure or personal information only with the subject individual's authorization, or if one of a limited number of exceptions applies. 20 C.F.R. §§401.100, 401.115, 401.180(b)(3). There is an exception that would allow disclosure "pursuant to an order of a court of competent jurisdiction". 5 U.S.C. §552a(b)(11), 20 C.F.R. §401.180(a). SSA will generally disclose information pursuant to a Court Order if 1) another section of the disclosure regulations would allow the disclosure; 2) where the Commissioner of Social Security is a party to the proceedings; or 3) where the information is

necessary for due process in a criminal proceeding.  20 C.F.R. §401.180(b); Phoenix Ins. v. Phillips, 2000 WL 680334 *2 (E.D. La. 2000).   In other cases, SSA will try to satisfy the needs of the courts while preserving the confidentiality of the information.  Id.

The extent of use of discovery under the Federal rules shall be limited by the court if it determines that: 1) the discovery sought is unreasonably cumulative, duplicative, or obtainable from some other source; 2) the party seeking discovery has had ample time and opportunity to obtain the information sought; and 3) the burden or expense of the proposed discovery outweighs its likely benefit taking various considerations into account.  Fed. Rule Civ. P. 26(b)(c).

Plaintiff in this action claims he had shoulder injury problems at a time close in proximity before the incident, and that because of the incident, his shoulder injury was aggravated.  He also claims that he was receiving social security benefits for a previous, similar injury prior to this incident.  The amount of social security benefits received from this injury is relevant to plaintiff's claimed damages.  In addition, should plaintiff prevail in this action, any monies received from Social Security may be subtracted from any recovery he obtains.  The application for benefits is also relevant in that it is a document signed under penalty of perjury and sets forth plaintiff's claims.  Defendants are entitled to discover whether those injuries described in the application are the same, similar, or different from the information provided in this lawsuit, including but not limited to the social security file, all medical records and reports of reviewing doctors, the application itself, and documents showing what benefits have been received by plaintiff.

The Court finds that good cause having been shown, defendants are entitled to discover the information contained in plaintiff's social security records.

Therefore, the Court DENIES Plaintiff's motion denying access to entire Social Security Administration file.

The Court further ORDERS plaintiff to sign the Social Security Administration authorization to release records.

//

The Court further ORDERS that the documents received from the Social Security Administration be subject to a PROTECTIVE ORDER (Doc. 37-6) prohibiting disclosure to anyone other than Defendants' counsel and experts, as set forth in the PROTECTIVE ORDER.

IT IS SO ORDERED.

Dated:   **January 4, 2008**                      /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE