1   James J. Arendt, Esq.        Bar No. 142937
    Erica M. Camarena, Esq.      Bar No. 227981
2

3       THE LAW FIRM OF
        WEAKLEY, RATLIFF,
4   ARENDT & McGUIRE, LLP
    1630 East Shaw Avenue, Suite 176
5      Fresno, California   93710

6     Telephone: (559) 221-5256
      Facsimile:  (559) 221-5262
7
    Attorneys for Defendants, CITY OF REEDLEY, ROBERT MACEDO,
8   RAY CAMACHO and HECTOR ALEMAN

9

10                    UNITED STATES DISTRICT COURT

11                   EASTERN DISTRICT OF CALIFORNIA

12
    BERNABE SANTILLAN, individually and   ) CASE NO.  1:07 CV 00391 AWI SMS
13  on behalf of Minor Son, GABRIEL       )
    ZAMBRANO,                             ) **PROTECTIVE ORDER REGARDING THE**
14                                         ) **RELEASE OF PLAINTIFF'S RECORDS**
                  Plaintiffs,             ) **FROM THE SOCIAL SECURITY**
15                                         ) **ADMINISTRATION**
             vs.                          )
16                                         )
    CITY OF REEDLEY, CITY OF REEDLEY      ) Date: December 14, 2007
17  POLICE OFFICERS ROBERT MACEDO         ) Time: 9:30 a.m.
    #54, RAY CAMACHO #68, HECTOR          ) Courtroom: Seven
18  ALEMAN #56,                           ) The Honorable Sandra M. Snyder
                                          )
19                Defendants.             )
    _____   )
20

21      WHEREAS, the Court has ordered plaintiff to sign the authorization to release records

22  from the Social Security Administration, and

23      WHEREAS, the plaintiff and City of  believe, in good faith, that these documents

24  requested contains information that is: (a) confidential, sensitive, or potentially invasive of an

25  plaintiff's privacy interests; (b) not generally known; and (c) not normally revealed to the public

26  or third parties or, if disclosed to third parties, would require such third parties to maintain the

27  information in confidence:

28      A.      Social Security Number;

_____
Protective Order : SSA Records

1      B.      Identifying information (includes date and place of birth, parents' names;

2      C.      Monthly Supplemental Security Income payment amount;

3      D.      Information about Social Security benefits/payments plaintiff received;

4      E.      Information about Medicare claims/coverage;

5      F.      Medical Records; and

6      G.      Records from the file.

7      IT IS HEREBY ORDERED, that those portions of the documents described above may

8  be designated as "Confidential" and produced subject to the following Protective Order:

9      1.      The disclosed documents shall be used solely in connection with the federal civil

10  case of <u>Bernabe Santillan v. City of Reedley, et al.</u>, Case No. 1:07-cv-00391 AWI/SMS, and in

11  the preparation and trial of this case.  Plaintiff is not waiving any objections to the admissibility

12  of the documents or portions of the documents in future proceedings, including the trial in this

13  matter.

14      2.      A party producing the documents and materials described above may designate

15  those materials by affixing a mark labeling them as "Confidential Material Subject to Protective

16  Order."  If any Confidential materials cannot be labeled with the aforementioned marking, those

17  materials shall be placed in a sealed envelope or other container that is in turn marked

18  Confidential in a manner agreed upon by the disclosing and requesting parties.

19      3.      Documents or materials designated under this Protective Order as Confidential

20  may only be disclosed to the following persons:

21          a)      Counsel for Plaintiff, Bernabe Santillan, in pro per;

22          b)      Counsel for the Defendants, James J. Arendt, with the Law Firm of

23  Weakley, Ratliff, Arendt & McGuire, LLP.

24          c)      Attorney, paralegal, clerical, and secretarial personnel regularly employed

25  by counsel James J. Arendt;

26          d)      Court personnel including stenographic reporters or videographers

27  engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil

28  action;

1          e)          Any expert or consultant retained in connection with this action.

2          f)          The finder of fact at the time of trial, subject to the court's rulings on in

3    limine motions and objections of counsel;

4          4.          Prior to the disclosure of any Confidential information to any person identified in

5    paragraph 3(d), each such recipient of Confidential information shall be provided with a copy of

6    this Stipulated Protective Order, which he or she shall read.  Such person must also consent to

7    be subject to the jurisdiction of the United States District Court, Eastern District of California,

8    with respect to any proceeding related to enforcement of this Protective Order, including

9    without limitation, any proceeding for contempt.  Provisions of this Protective Order, insofar as

10   they restrict disclosure and use of the material, shall be in effect until further order of this Court.

11   Plaintiff and defense counsel shall be responsible for internally tracking the identities of those

12   individuals to whom copies of documents marked Confidential are given.  Defendants will

13   advise plaintiff of the names and addresses of all individual(s) they wish to provide Confidential

14   documents to.  Subject to each individual's signature acknowledging that they have read,

15   understand and agree to this Stipulated Protective Order, the plaintiff will produce to

16   defendants, at their expense, a copy of the documents designated as described above.

17          5.          All documents or materials designated as "Confidential" pursuant to this

18   Protective Order, and all papers or documents containing information or materials designated as

19   "Confidential," that are filed with the Court for any purpose shall be filed and served under seal,

20   with the following statement affixed to the document or other information:

21          "This envelope is sealed pursuant to order of the Court and contains Confidential

22   Information filed in this case by [name of party] and is not to be opened or the contents thereof

23   to be displayed or revealed except by order of the Court."

24          6.          The designation of information as "Confidential," and the subsequent production

25   thereof, is without prejudice to the right of any party to oppose the admissibility of the

26   designated information.

27          7.          A party may apply to the Court for an order that information or materials labeled

28   "Confidential" are not, in fact, confidential.  Prior to so applying, the party seeking to reclassify

Protective Order : SSA Records                                    3

"Confidential" information shall meet and confer with the producing party.  Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order.  The producing party shall have the burden of establishing the propriety of the "Confidential" designation.  A party shall not be obligated to challenge the propriety of a confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

8.     **Copies of Confidential Documents**

Copies of confidential documents will be handled in the following manner:

a)     Defense counsel shall receive only one copy of the "Confidential" documents from the Social Security Administration.

b)     Defense counsel shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in these confidential documents to anyone.

c)     If for a justifiable reason, defense counsel in good faith reasonably believes she needs an additional copy or copies for preparation of her clients' case, including any copies for court filings, she shall make a written request to plaintiff pro per or plaintiff's attorney of the specific number of copies of documents marked "Confidential" she seeks for production.  Upon agreement with plaintiff pro per or plaintiff's counsel, copies of the documents will be made by defense counsel, pursuant to the procedures of this Protective Order.

d)     Defendants shall be billed for the copying of the Confidential documents at the City of Fresno's cost.  Should plaintiff also seek a copy of these Confidential documents, plaintiff will be billed at the City of Fresno's cost.

e)     Defendants shall maintain Confidential information with a red marking labeled "CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER".

f)     If any document or information designated as "Confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order.  The Court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits,

1   and each copy thereof, in accordance with paragraph 5 of this Protective Order.  Only

2   individuals who are authorized by this Protective Order to see or receive such material may be

3   present during the discussion or disclosure of such material.

4          9.       Notwithstanding the provisions of paragraph 3, confidential information

5   produced pursuant to this Protective Order shall not be delivered, exhibited or otherwise

6   disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or

7   other media organization.

8          10.      Should any information designated confidential be disclosed, through

9   inadvertence or otherwise, to any person not authorized to receive it under this Protective Order,

10  the disclosing person(s) shall promptly:

11         (a) inform opposing counsel of the recipient(s) and the circumstances of the

12  unauthorized disclosure to the relevant producing person(s); and

13         (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.  No

14  information shall lose its confidential status because it was disclosed to a person not authorized

15  to receive it under this Protective Order.

16         11.      At the conclusion of this litigation, all documents, in whatever form stored,

17  containing "Confidential" information will remain Confidential, and if filed with the Court,

18  shall remain under seal.  All parties also ensure that all persons to whom "Confidential"

19  documents were disclosed shall be returned to counsel for the producing party.  The conclusion

20  of this litigation means a termination of the case following applicable post-trial motions, appeal

21  and/or retrial.  After the conclusion of this litigation, all confidential documents received under

22  the provisions of this Protective Order, including all copies made, shall be destroyed

23         12.      This Protective Order shall remain in full force and effect and shall continue to

24  be binding on all parties and affected persons after this litigation terminates, subject to any

25  subsequent modifications of this Protective Order for good cause shown by this Court or any

26  Court having jurisdiction over an appeal of this action.  After this action terminates, any party

27  may seek to modify or dissolve this Protective Order by Court order for good cause shown or by

28  the parties' stipulation.

1    13.    The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make

2  such amendments, modifications and additions to this Protective Order as it may from time to

3  time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting

4  improper use or disclosure of confidential material.

5    14.    No later than 45 days of receiving notice of the entry of an order, judgment, or

6  decree terminating this entire action, all persons having received protected information shall

7  destroy all Confidential documents.

8  Respectfully submitted,

9  DATED: November 30, 2007          WEAKLEY, RATLIFF, ARENDT & McGUIRE, LLP

10

11                                   By:    /s/ Erica M. Camarena

12                                          Erica M. Camarena
                                            Attorneys for Defendant the City of Fresno
13

14                                   **ORDER**

15

16

17  IT IS SO ORDERED.

    **Dated:    January 4, 2008**                    **/s/ Sandra M. Snyder**
18                                          UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

---
Protective Order : SSA Records                    6